SOLIS V. STATE



NO. 07-03-0329-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 24, 2003



______________________________




MARCELINO ANDRES SOLIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 102,723; HONORABLE WILLIAM DODSON, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss his appeal. Although the
motion is signed only by appellant's attorney, it is accompanied by a copy of a letter written
and signed by appellant in which he expresses his intent to dismiss his appeal. 
Concluding the motion and attached letter substantially comply with the requirements of
Rule 42.2(a) of the Texas Rules of Appellate Procedure, we grant the motion. No decision
of this Court having been delivered, the appeal is dismissed. No motion for rehearing will
be entertained and our mandate will issue forthwith.

 Don H. Reavis

 Justice

 

Do not publish.



yle="font-family: 'Arial', sans-serif">          Adrian Ryan Santos filed a notice of appeal evincing his desire to appeal an order
terminating his parental rights to A.J.P., a minor child. On April 7, 2009, this court received
a letter from the court reporter for the 69th judicial district advising that no request has been
made for the preparation of the reporter’s record in the above referenced appeal. From
documents filed with this court by Santos, it appears that he is incarcerated in Colorado. 
Accordingly, we abate this appeal and remand the cause to the 69th District Court of Dallam
County (trial court) for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
          1. whether Santos desires to prosecute the appeal; and, 
2. whether Santos is indigent and entitled to appointed counsel and a free 
 record on appeal.
 
          The trial court shall cause the hearing to be transcribed. Should the trial court find
that Santos desires to pursue the appeal, is indigent, and entitled to appointed counsel, we
further direct it to appoint counsel to assist Santos in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the counsel, if
any, who will represent Santos on appeal must also be included in the court’s findings of
fact and conclusions of law. So too shall it 1) execute findings of fact and conclusions of
law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s
record containing its findings of fact and conclusions of law and all orders it may issue as
a result of its hearing in this matter, and 3) cause to be developed a reporter’s record
transcribing the evidence and arguments presented at the aforementioned hearing. 
Additionally, the district court shall then file the supplemental record and reporter’s record
transcribing the hearing with the clerk of this court on or before May 29, 2009. Should
further time be needed by the trial court to perform these tasks, then same must be
requested before May 29, 2009.
          It is so ordered.
                                                                           Per Curiam